## No. 14,639.

MILLER *v.* GILLELAND ET AL.

(95 P. [2d] 815)

Decided October 30, 1939.

Mr. JOHN IRA GREEN, for plaintiff in error.

Mr. J. H. THOMAS, for defendants in error.

*In Department.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

DEFENDANTS in error, plaintiffs below, brought an action against plaintiff in error, defendant below, to quiet title, alleging ownership and possession to certain real estate in the town of Manassa, Conejos county, Colorado. Defendant answered admitting possession but denying ownership of plaintiffs, and in a cross complaint alleged her ownership, predicated upon a warranty deed dated July 21, 1933; also she seeks $250 damages for wrongful detention, and prays that title may be quieted in her. Replication was filed to the answer, denying defendant's ownership and containing the allegation that prior to July 21, 1933, the owner of said real estate conveyed by warranty deed to Joseph R. Mickelson the premises here involved, and that June 13, 1938, the latter conveyed said premises in fee simple to plaintiffs. Findings, judgment and decree were in favor of plaintiffs, to which defendant assigns error and seeks reversal.

Briefly, the facts are as follows: April 21, 1930, Harriet E. Gilleland was the owner of the premises here involved. On that date she visited her son, Joseph R. Mickelson, residing some five miles from her home, and requested him to accompany her to Manassa, so that she might execute a deed to him of the premises involved. However, the son being too busy with his farm work to leave, and his wife, Bernice Mickelson, consenting to accompany her, they went to one Holman, a notary

public in Manassa, who prepared, and took her acknowledgement to, the deed. Following its execution, the instrument was handed to Bernice Mickelson, who in turn asked Holman to hold it for safekeeping, because the Mickelsons had no safe place in which to keep it, and that they were leaving the ranch for a period of six months to perform some services in connection with caring for cattle at another location.

September 28, 1932, Harriett E. Gilleland executed another warranty deed covering the same premises, to a daughter, Ethel M. Thomas. Immediately prior to the execution of the latter deed, which also was drawn by and acknowledged before Notary Holman, defendant, Annie M. Miller, also a daughter of the grantor, at the request of the latter, asked Holman for the deed executed to Mickelson April 21, 1930. The record is silent as to what became of the Thomas deed. There is some evidence that the Mickelson deed was destroyed at or about that time, following its redelivery by Holman to defendant or her mother. At any rate, it was admitted at the trial that it was not in existence.

July 21, 1933, Harriet E. Gilleland executed to Annie M. Miller, the defendant, a warranty deed to the premises involved, which deed was recorded January 5, 1934, and upon which defendant bases her cross complaint. Thereafter defendant paid all general taxes which had accumulated against the premises. The property was assessed in her name, and she continued to pay the taxes until the institution of these proceedings. Harriet E. Gilleland died August 12, 1937. During the period in which all the deeds were executed, and until the day of her death, she was living on the premises with Con Gilleland and Dora Gilleland, her son and daughter-in-law, the plaintiffs in this case. June 13, 1938, Mickelson deeded the premises involved by warranty deed to plaintiffs. It is undisputed that at no time did he pay the taxes on said premises; that defendant paid the taxes; and that Mickelson as well as plaintiffs had notice of

defendant's deed several years prior to the death of Harriet E. Gilleland.

There are numerous assignments of error, but only two questions are raised in the briefs. First, did the delivery of the deed April 21, 1930, pass title to Mickelson? and, second, if title passed to Mickelson, is defendant entitled to recover in this action the amount of taxes paid by her to the county on said premises?

■ All that need be said with reference to the first question is that there was sufficient evidence upon which the trial court could base its finding that Harriet E. Gilleland made, executed and delivered a warranty deed of the premises in question to Joseph R. Mickelson, and that title passed to him. Under these circumstances, it is the established rule that this court will not disturb the finding.

■ As to the second question, counsel for plaintiffs argues at length that the acts of defendant in connection with these transfers are tainted with fraud, and therefore a court of equity should not grant relief. There seems to be no evidence in the record which in the slightest degree suggests fraud on the part of defendant. Nothing appears from which it may be inferred that she had any knowledge whatever of the circumstances under which the deed dated April 21, 1930, was delivered to Holman, and he did not advise her concerning the matter. The element of fraud never was considered by the trial court. The facts here involve the actions of two daughters and two sons toward their mother. The record indicates to us that they all were actuated by a filial duty toward her based upon numerous acts of kindness. Misunderstandings, in which no one of them knew all the facts, culminated in the institution of this suit. The trial court denied defendant relief for the taxes paid. That there is some merit in the claim of defendant for the recovery of these taxes cannot be questioned. 61 C. J. 950, §1227. This matter, while incidental to the main question of the delivery of the deed,

may well be determined in the instant case. In an equity suit, such as this, having taken jurisdiction, the court ordinarily will retain it for all purposes and award such relief as will finally dispose of the litigation. 19 Am. Jur. 126, §127. We think that this should be the course to be followed here. The court should determine this issue and, if necessary, permit defendant, if she so elects, to amend her answer accordingly.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE FRANCIS E. BOUCK concur.